## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| 659 CHESTNUT LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N17C-05-114 MMJ |
| | ) | |
| PARKE BANCORP INC. d/b/a | ) | |
| PARKE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 2, 2019
Decided: November 20, 2019

On Defendant's Motion for Allowance of Attorneys' Fees, Costs and Expenses and
Post-Judgment Interest
**DENIED**

## <u>ORDER</u>

Following a bench trial, this Court ruled in favor of 659 Chestnut LLC, finding

that 659 Chestnut had proved mutual mistake; that the loan agreement was reformed;

and that no prepayment penalty was owed to Parke Bancorp Inc. This Court found against Parke on its counterclaim.[1]

On appeal, the Delaware Supreme Court held that 659 Chestnut had failed to prove by clear and convincing evidence that the loan agreement prepayment penalty provisions should be reformed on the basis of mutual mistake. This Court was reversed on that issue. Judgment was entered in favor of Parke, permitting Parke to retain the 1% prepayment penalty paid by 659 Chestnut under protest. The Supreme Court affirmed this Court's denial of Parke's counterclaim for enforcement of an additional 4% prepayment penalty.[2]

On October 8, 2019, this Court entered judgment pursuant to the Supreme Court's remand. Final Judgment was entered in favor of Parke on 659 Chestnut's claim. Final Judgment was entered in favor of 659 Chestnut on Parke's counterclaim. Costs were taxed against 659 Chestnut. Post-judgment interest was awarded to Parke for all amounts owed by 659 Chestnut.

Parke now seeks attorneys' fees, costs and expenses, and post-judgment interest. Parke claims entitlement to relief under 10 *Del. C.* § 5101, 10 *Del. C.* § 2301, Superior Court Civil Rule 54(d), and the loan documents. Parke asserts that it is the prevailing party. Parke is not arguing that 659 Chestnut brought the litigation in bad faith.

---

[1] *659 Chestnut LLC v. Parke Bancorp Inc.*, 2018 WL 6432984 (Del. Super.).

[2] *Parke Bancorp Inc. v. 659 Chestnut LLC*, 2019 WL 4389027, at *9-10 (Del.).

The Supreme Court found in favor of Parke on 659 Chestnut's claim, but against Parke on Parke's counterclaim. Therefore, Parke is not the prevailing party for purposes of recovering costs.

The loan documents contain fee shifting provisions, requiring payment of "costs of collection and/or enforcement of the Loan, including any and all attorney's fees and costs." The fee shifting provision is under the section entitled "Remedies." The Remedies are triggered by an "Event of Default."

The Court finds that the action filed by 659 Chestnut seeking reformation of the loan agreements does not fall within the definition of an Event of Default. 659 Chestnut paid the prepayment penalty under protest, with the express intent of abiding by the terms of the loan agreements. Parke acknowledged the final payment, cancelled the note and mortgage, and marked the note "PAID." At no time was 659 Chestnut in default. 659 Chestnut's lawsuit does not constitute a failure to observe or perform any agreement with Parke. Rather, the complaint was brought for the purpose of reforming the terms of the loan. 659 Chestnut complied fully with the terms of the loan documents as agreed.

As evidenced by this Court's ruling following trial, 659 Chestnut's complaint was not frivolous. Parke's counterclaim seeking additional prepayment penalty was unsuccessful.

**THEREFORE,** Defendant's Motion for Allowance of Attorneys' Fees, Costs and Expenses and Post-Judgment Interest is hereby **DENIED, except as previously ordered that Post-Judgment shall accrue from the date of the Final Judgment at the prevailing legal rate of interest in Delaware for all amounts owed by 659 Chestnut to Parke pursuant to the Final Judgment dated October 8, 2019.**

**IT IS SO ORDERED.**

_____

The Honorable Mary M. Johnston